IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TARRANCE WHITLOCK | § | |
| v. | § | CIVIL ACTION NO. 5:14cv119 |
| WARDEN DAWN MERCHANT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON THE MOTION TO DISMISS OF DEFENDANTS McPEAK AND DR. STANLEY

The Plaintiff Tarrance Whitlock, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Whitlock named various officials at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, including Warden Dawn Merchant, food service manager Tori Scott, Dr. Reginaldo Stanley, and practice manager Cathy McPeak. Whitlock also named TDCJ assistant regional director B. Howard. This order concerns a Report issued by the Magistrate Judge recommending the granting of the motion to dismiss filed by the Defendants McPeak and Dr. Stanley.

**I. The Plaintiff's Allegations**

Plaintiff complains he suffers from health issues including high blood pressure and high cholesterol. In 2009, he was prescribed a diet called "Diet for Health." Scott has refused to follow this diet but has been substituting inadequate and insufficient food. Plaintiff has filed numerous grievances about this which have been denied. He asserts the Defendants learned of constitutional violations taking place through the grievances he filed but failed to take remedial action. Plaintiff

1

also contends the Defendants McPeak and Dr. Stanley created a policy or custom under which unconstitutional practices occurred.

## II. The Motion to Dismiss and the Plaintiff's Objections

Defendants McPeak and Dr. Stanley filed a motion to dismiss arguing Plaintiff cannot establish a claim for deliberate indifference because the complaint itself shows they were not aware of any facts to infer an excessive risk of harm. They contend Plaintiff also failed to show they were personally involved in any constitutional deprivation. In response, Plaintiff argued McPeak and Dr. Stanley knew an improper diet was being served but took no action.

The Magistrate Judge recommended the motion to dismiss be granted. In his objections, Plaintiff complains he provided a full month's menu, but the Magistrate Judge only listed seven days of it. A review of the Magistrate Judge's Report shows these seven days set out an adequate representative sample, rendering it unnecessary to list every meal served for a full month.

Plaintiff denies missing a medical appointment or signing refusal of treatment forms concerning his diet. He states on May 21, 2013, he was scheduled to see the doctor at 8:30 a.m., but waited until 2:30 p.m. and then signed a refusal of treatment form because he had a scheduled law library session at 2:45. He filed a grievance and McPeak stated special arrangements could not be made to see Plaintiff before all other offenders. This allegation does not show any constitutional violations on the part of McPeak or Dr. Stanley.

Plaintiff argues Dr. Stanley prescribed an insufficient medical diet, continued an insufficient course of treatment, and created a policy allowing or encouraging illegal acts. Plaintiff offers nothing but conclusory allegations to show his diet or course of treatment was insufficient, nor did Plaintiff present any evidence of a policy allowing or encouraging illegal acts. Plaintiff's disagreement with Dr. Stanley's medical determination as to his diet or course of treatment does not set out a constitutional claim. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). The description of a policy or custom and its relationship to the alleged underlying constitutional violation cannot be conclusory but must contain specific facts. Spiller v. City of Texas City Police

Department, 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff's objections in this regard are without merit.

Plaintiff denies complaining his grievances were not resolved to his satisfaction, instead claiming his grievances show the Defendants had knowledge of and participated in an illegal custom or policy. The fact McPeak or Dr. Stanley may have received or responded to Plaintiff's grievances does not demonstrate personal involvement in any alleged constitutional violations. *See* Cervantes v. Sanders, civil action no. 2:98cv187, 1998 U.S. Dist. LEXIS 10887 (N.D.Tex., July 13, 1998) (reading or responding to prisoner's grievance does not show personal involvement by prison official); Welch v. Grounds, civil action no. 5:11cv200, 2013 U.S. Dist. LEXIS 46081 (E.D.Tex., February 14, 2013), *Report adopted at* 2013 U.S. Dist. LEXIS 40866 (E.D.Tex., March 22, 2013) (correspondence sent to prison administrators does not create liability based on alleged personal knowledge of the matters contained in that correspondence). Plaintiff is in effect challenging the failure to act upon his grievances by casting this claim in the form of an assertion of personal knowledge. He has no constitutionally protected liberty interest in having grievances resolved to his satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). This objection is without merit.

Plaintiff's next objection largely reiterates his previous one. He states the Defendants are liable because they learned of the alleged dietary violations through the grievance procedure but failed to take corrective measures. This objection is without merit.

Plaintiff argues he was denied his prescribed medical diet but offers nothing beyond conclusions to show the meals he received were not part of the Diet for Health or otherwise violated his medically prescribed diet. Nor has he shown McPeak or Dr. Stanley were otherwise deliberately indifferent to his serious medical needs. This objection is without merit.

Although Plaintiff contends he has overcome the defense of qualified immunity, the Magistrate Judge correctly determined Plaintiff did not show McPeak or Stanley violated any clearly established constitutional rights of which a reasonable prison official would have been aware. Nor

did Plaintiff show McPeak or Stanley acted in an objectively unreasonable manner. His objection regarding qualified immunity is without merit.

Plaintiff contends he advised the Defendants through his grievances that food service manager Tori Scott was substituting inadequate and insufficient food for the Diet for Health menu. He concedes McPeak and Dr. Stanley investigated these grievances and determined no violations were committed. Plaintiff fails to explain why McPeak and Dr. Stanley should have believed his allegations rather than the results of the investigation they conducted, but maintains the Defendants should be liable for their failure to take remedial action. This objection is without merit.

Plaintiff further argues he is entitled to injunctive relief in the form of an order directing the creation of a policy requiring the food service manager to photograph all food served on the Diet for Health trays and the sack meals every day. The Magistrate Judge determined Plaintiff had not shown an irreparable injury and did not demonstrate a remedy in equity was warranted or that the public interest would not be disserved through the granting of such an injunction. Plaintiff simply alleges in a conclusory manner that failure to grant the requested injunction would result in irreparable injury outweighing any damage to the adverse party and the injunction would not have an adverse effect on the public interest. Conclusory allegations are not sufficient to show entitlement to injunctive relief. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Plaintiff's objection in this regard is without merit.

### III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

4

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 47) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the motion to dismiss filed by the Defendants Cathy McPeak and Dr. Reginaldo Stanley (docket no. 16) is GRANTED and the claims against these Defendants are DISMISSED without prejudice.

**SIGNED this 21st day of September, 2015.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE