IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TARRANCE WHITLOCK | § | |
| v. | § | CIVIL ACTION NO. 5:14cv119 |
| WARDEN DAWN MERCHANT, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON THE MOTION TO DISMISS OF DEFENDANTS MERCHANT AND HOWARD

The Plaintiff Tarrance Whitlock, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Whitlock named various officials at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, including Warden Dawn Merchant, food service manager Tori Scott, Dr. Reginaldo Stanley, and practice manager Cathy McPeak. Whitlock also named TDCJ assistant regional director B. Howard. This order concerns a Report issued by the Magistrate Judge recommending the granting of the motion to dismiss filed by the Defendants Merchant and Howard.

Plaintiff complains he suffers from health issues including high blood pressure and high cholesterol. In 2009, he was prescribed a diet called "Diet for Health." Scott has refused to follow this diet but has been substituting "inadequate and insufficient food." Plaintiff has filed numerous grievances about this, which have been denied by the Defendants. He asserts the Defendants learned of constitutional violations taking place through the grievances he filed, but they failed to take remedial action. Plaintiff also contends the Defendants created a policy or custom under which unconstitutional practices occurred, and they failed to train or supervise their subordinates.

1

Defendants Merchant and Howard filed a motion to dismiss arguing Plaintiff failed to show any personal involvement on their part; the fact they investigated his grievances does not show a constitutional violation nor did it make them personally liable; Merchant conducted an investigation and determined the food service was in compliance with guidelines issued by the University of Texas Medical Branch; they are entitled to qualified immunity; and, Plaintiff has not shown any entitlement to injunctive relief.

The Magistrate Judge issued a Report recommending their motion to dismiss be granted. The Magistrate Judge concluded: prisoners do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction; Plaintiff offered no evidence of the existence of an unconstitutional policy or custom; Plaintiff failed to set out a viable claim for failure to train or supervise; the meals he received were not constitutionally inadequate; the Defendants were entitled to qualified immunity; and, Plaintiff failed to show any entitlement to injunctive relief.

In his objections, Plaintiff complains he provided a full month's menu, but the Magistrate Judge only listed seven days of it. A review of the Magistrate Judge's Report shows these seven days set out an adequate representative sample, rendering it unnecessary to list every meal served for a full month.

Plaintiff asserts he is not complaining about grievances not being answered to his satisfaction, but rather his grievances show Defendants Merchant and Howard had knowledge of and participated in an illegal custom. He contends Defendants learned of the violations through the grievance procedure but failed to take corrective action; instead, the responses to his grievances state no Diet for Health kitchen violations were committed. Plaintiff states this means an illegal and unconstitutional practice or custom was already in place.

As the Magistrate Judge determined, Plaintiff has failed to show the existence of an unconstitutional policy or custom. *See* Spiller v. City of Texas City Police Department, 130 F.3d 162, 167 (5th Cir. 1997). Simply answering grievances does not make prison officials personally liable for constitutional violations. While Plaintiff complains Defendants Merchant and Howard

did not take the corrective action he believed appropriate, this is not a violation of due process. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). Plaintiff's objections in this regard are without merit.

A review of the menu shows Plaintiff was receiving reasonably adequate food, as required by the Constitution. George v. King, 837 F.2d 705, 707 (5th Cir. 1987). Plaintiff has offered no specific facts to show the existence of a policy or custom concerning unlawful dietary practices, particularly in light of the fact he has shown there were no such unlawful practices. He complains he has been denied a proper Diet for Health tray but fails to show what a "proper" tray would contain. Nor does he explain why the Defendants should have believed his contention the diet trays were improper over the other information they received stating the trays comported with the Diet for Health. These objections are without merit.

Plaintiff similarly argues if the Defendants Merchant and Howard were unaware food service manager Tori Scott was not serving the proper diet, the failure to train or supervise Scott is evident. He speculates the grievance responses must have been made without reviewing the record to see what was on the diet trays. The Magistrate Judge correctly determined Plaintiff failed to show either an actual failure to train or supervise or a causal connection between any such failure and a constitutional violation. *See* Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). This objection is without merit.

Next, Plaintiff argues the Defendants Merchant and Howard are not entitled to qualified immunity because they acted in an objectively unreasonable manner. He states after he demonstrated through his grievances Scott was being deliberately indifferent by failing to follow the Diet for Health menu, the Defendants investigated and concluded no violations were committed.

The fact the investigation resulted in a denial of the grievance rather than the action Plaintiff believed appropriate is not a constitutional violation. Geiger, 404 F.3d at 374. Plaintiff offers nothing but conclusion and speculation to show the diet trays he received violated the Diet for Health. Even if Plaintiff is correct in stating the Defendants relied on the statements of the food

3

service manager, he has failed to show they were objectively unreasonable in doing so. Officers are entitled to qualified immunity if a reasonable person in their position would have believed that their conduct conformed to the constitutional standard in light of the information available to them and the clearly established law. Freeman v. Gore, 483 F.3d 404, 415 (5th Cir. 2007). Plaintiff's objection on this point is without merit.

Finally, Plaintiff argues he is entitled to injunctive relief in the form of an order directing Warden Merchant to create a policy whereby the food service manager must photograph all food served on the Diet for Health trays and sack meals served each day. He states, in a conclusory fashion, he has a substantial likelihood of success on the merits, a substantial threat of irreparable injury because the violations will continue if the injunction is not granted, the threatened injury outweighs any harm the injunction may cause, and the injunction will not have an adverse effect upon the public interest.

The Magistrate Judge correctly determined Plaintiff had not shown an irreparable injury nor any injury which could not be compensated by remedies at law. Nor did he show that a remedy in equity was warranted or the public interest would not be disserved by granting a permanent injunction of this nature. Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 40) is ADOPTED as the opinion of the District Court.[1] It is further

---

[1] Docket no. 43 is a duplicate of no. 40 and was inadvertently filed. The Clerk shall strike no. 43 from the docket. The striking of this duplicate document shall not affect the

ORDERED that the motion to dismiss filed by the Defendants Dawn Merchant and B. Howard (docket no. 19) is GRANTED and the claims against these Defendants are DISMISSED without prejudice.

**SIGNED this 24th day of September, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

substantive rights of any party to the case.