IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TARRANCE WHITLOCK | § | |
| v. | § | CIVIL ACTION NO. 5:14cv119 |
| WARDEN DAWN MERCHANT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Tarrance Whitlock, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Warden Dawn Merchant, Dr. Reginaldo Stanley, food service manager Tori Scott, Cathy McPeak of the Telford Medical Department, and assistant regional director B. Howard. Of these Defendants, all except for Scott have previously been dismissed.

**I. Background**

Plaintiff states he suffers from high blood pressure and high cholesterol. He was prescribed a diet called "Diet for Health" in 2009. However, Plaintiff contends Scott refuses to follow the TDCJ Diet for Health food menu and is "substituting the menu with inadequate and insufficient food." He filed grievances, but these have been denied.

In response to the lawsuit, the Defendant filed a motion for summary judgment, attaching summary judgment evidence including prison policies concerning the Diet for Health, menus, and diet cook's worksheets showing the food which was prepared. Plaintiff filed a response to the motion, attaching summary judgment evidence including copies of grievances he filed, identical

1

affidavits from himself and three other prisoners, copies of the menus and cook's worksheets taken from the Defendant's motion, and I-60 inmate request forms which he sent to the medical department.

## II. The Magistrate Judge's Report

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending Scott's motion for summary judgment be granted. The Magistrate Judge determined the food substitutions made by the Defendant were permissible within the framework of the Diet for Health, the conclusory allegations of Plaintiff and the other affiants were not competent summary evidence, the Plaintiff received reasonably adequate food even if an occasional meal fell short, the Defendant did not implement a policy or custom of serving inadequate food, Plaintiff did not show the Defendant failed to adequately train or supervise her employees, the fact Plaintiff's grievances were denied did not show a constitutional violation, and the Defendant was entitled to qualified immunity.

## III. The Plaintiff's Objections

Plaintiff complains first he furnished the menu for February of 2014 in order to show the food was inadequate and did not follow the Diet for Health, but the Magistrate Judge only recounted seven of these thirty days. The Magistrate Judge's Report states "without recounting the menu for the entire month of February...the Court sets out the menu for seven days, which is representative of the month's menu." (docket no. 64, p. 5). The Magistrate Judge reviewed and considered the menu for the entire month, but only included seven days in her Report as a representative sample.

Moreover, a review of the full menu furnished by Plaintiff plainly demonstrates that reasonably adequate food was provided and the Diet for Health was followed, albeit with permissible substitutions. This objection is without merit.

Second, Plaintiff argues he has satisfied both elements of the deliberate indifference standard, in that he has shown the Defendant knew inmates faced a substantial risk of serious harm and disregarded that risk. Plaintiff states the evidence shows many food substitutions were made in place

of the mandatory menu and these substitutions were not permissible within the framework of the prescribed diet.

Plaintiff states his affidavits are not conclusions and sufficiently assert the Defendant "has an illegal custom or practice of substituting insufficient food for a prescribed therapeutic diet" and "Defendant is not following the TDCJ approved Diet for Health food menu." The affidavits also state "the food she is serving is insufficient and detrimental to my health [and has] aggravated my serious medical condition." All of these assertions are conclusions and thus not competent summary judgment evidence. *See, e.g.*, Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991) (affidavit stating decedent "did not pose a threat to Officer Anderson's life or to any of the other officers surrounding the car" was not factual but an opinion on the ultimate issue in the case and thus "a textbook example of conclusoriness"); Richardson v. Oldham, 12 F.3d 1373, 1378 (5th Cir. 1994) (portion of affidavit stating law enforcement officer "used unreasonable methods to search [plaintiffs'] home" was properly struck as conclusory). Plaintiff has failed to show Defendant acted with deliberate indifference to his dietary needs.

Plaintiff goes on to assert he has shown an illegal policy or custom as well as a failure to train or supervise because impermissible substitutions in the Diet for Health were made. He points to the February 2014 menu and the cook's worksheets, but neither of these show impermissible substitutions, nor does Plaintiff point to any particular meal in which he claims an impermissible substitution was made. Under the TDCJ Diet for Health regulations, attached as Exhibit D to the Defendant's motion for summary judgment, appropriate substitutions may be made in the event of product unavailability. Plaintiff does not allege what meals had substitutions made, much less that such substitutions were inappropriate or improper. His contention that "any substitutions were impermissible" is not supported by the evidence. Plaintiff's objections in this regard are without merit.

Next, Plaintiff asserts Defendant had personal knowledge of the alleged violations because of the grievances he filed. The fact his grievances were not granted does not show a violation of the

Constitution. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). Nor did Defendant have a constitutional duty to believe Plaintiff's allegations and take the action Plaintiff believed appropriate. Defendant advised the grievance investigators the meals were being served in accordance with the Diet for Health menu, which is confirmed by the summary judgment evidence. These objections are without merit.

Plaintiff cites various cases from around the country advancing the proposition that inmates on a special medical diet should receive that diet. He states these precedents preclude entry of summary judgment against him on the issue of qualified immunity and argues his claims present government misconduct so egregious that any reasonable official would know it violates the Constitution regardless of pre-existing case law. Plaintiff has failed to show Defendant Scott acted in an objectively unreasonable manner or that all reasonable prison officials similarly situated would have known Scott's actions violated the Constitution. Thompson v. Upshur County, 245 F.3d 447, 460 (5th Cir. 2001). His objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's Report to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 64) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Defendant Tori Scott's motion for summary judgment (docket no. 59) is **GRANTED** and the claims against Scott are **DISMISSED WITH PREJUDICE**. Because Scott is the last remaining Defendant in this case, it is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** in its entirety. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 25th day of May, 2016.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE